**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

HAKEEM C. HERBERT,

Petitioner, : Case No. 2:26-cv-477

- vs - District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:
Respondent.

# DECISION AND ORDER

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Hakeem Herbert to obtain relief from his conviction in the Common Pleas Court of Jefferson County, Ohio, on a charge of possession of drugs with a major drug offender specification and consequent imprisonment in Respondent's custody (Petition, ECF No. 1).

Upon filing the case was assigned to District Judge Edmund A. Sargus, Jr., one of the District Judges resident at the Columbus location of court and randomly referred to Chief United States Magistrate Judge Stephanie K. Bowman under Amended General Order 22-05. The Magistrate Judge reference was recently transferred to the undersigned under the same General Order to help balance the Magistrate Judge workload in the District.

The case is currently before the Court on Petitioner's Motion to Compel Respondent to Comply with the Court's Order for Answer (ECF No. 6).

**The Motion to Compel**

Petitioner asserts that under Habeas Rule 5, Respondent should have filed the following documents from Jefferson County Case No. 21CR156:

- Motion for continuance filed by defense counsel on 07/08/2022 with a certificate of service.
- Transcript filed by the court reporter of August 25, 2021, of proceeding in Case No. 21 CRA 988
- Transcript filed 10/03/2022, by the court reporter of the May 2, 2022, proceedings in Case 21 CR 156
- All transcripts of pretrial hearings in this case
- manila envelope marked paper trial exhibits and jury questions filed. Filed on 03/30/2023
- motion for appointment of new appellate counsel. Filed on 08/24/2023
- judgement entry filed. Motion for new counsel denied. Filed on 09/11/2023
- Search Warrant and affidavit for phone,
- Search warrant and affidavit for 1300 Oregon Ave, 1096 Claire Ave and the UPS package and Steubenville police department report of incident.

**Respondent's Response**

Respondent timely responded to the Motion and wrote:

Respondent does not oppose filing transcripts that are "listed on the docket sheets in this case." Second, Respondent does not oppose filing the following documents listed on the docket sheets in this case even though Respondent does not believe they are relevant to the issues presently before this Court:

> • Motion for continuance filed by defense counsel with certificate of service.
> • Affidavit of prosecuting attorney Jane M. Hanlin.
> • motion for appointment of new appellate counsel.

- judgement entry filed. Motion for new counsel denied

Response, ECF No. 8, PageID 2040.

Although Respondent has filed suppression hearing and trial transcripts, her counsel has not filed hearing and trial exhibits because that is not the usual practice in habeas cases and they are deemed by her to be unnecessary in this case. *Id.* at PageID 2041.

Regarding the search warrant and supporting affidavit for Petitioner's telephone, Respondent notes Petitioner has given no filing date, presumably implying that they were not filed in the Common Pleas Court, converting the request into one for discovery, and noting that this Court may not consider documents that were not before the state courts. *Id.* at PageID 2041, citing, inter alia, *Cullen v. Pinholster,* 563 U.S. 170 (2011)[1].

Following her Response, Respondent supplemented the State Court Record (ECF No. 11).

**Petitioner's Reply**

In his reply to Respondent's Response, Petitioner makes argument about claims of irrelevance made in the Return of Writ and how he will be able to excuse any claimed procedural default. He concludes by saying the Court should order the production of records which the State has not opposed producing (ECF No. 9, PageID 2047).

[1] *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

## Analysis

Petitioner appears to believe that the Order for Answer and Habeas Rule 5 compel the State to produce all of the documents he believes were improperly omitted from the originally-filed State Court Record. However, Rule 5 does not compel that result. Instead, it directs a respondent to file transcripts of recorded proceedings, appellate briefs, and dispositive orders. The Order for Answer in this case, in language that is common in habeas corpus cases in the District, requires that "[b]efore filing the answer, the respondent shall file those portions of the state court record needed to adjudicate this case, accompanied by an index of the documents in the record." The Order does not require Respondent to produce anything a petitioner may deem relevant.

Once the State Court Record has been filed, a petitioner can move under Habeas Rule 7 to expand the record. That Rule has not been modified since *Pinholster* was decided, but expansion of the record is limited to those items the Court is permitted to consider under *Pinholster*.

Discovery in habeas corpus is not a matter of right as it is in most civil cases. Rather, a petitioner must show good cause under Habeas Rule 7. Habeas discovery is also limited by *Pinholster*.

This leaves the Court somewhat in doubt about Petitioner's request for the search warrant and supporting affidavit. If Petitioner can show by citation to the record already before the Court that the warrant and affidavit were considered by the State courts in deciding his case, the Court would order it produced, but otherwise not. As to the search warrant and supporting affidavit, the Motion to Compel is denied without prejudice to its renewal in a motion for discovery which makes the showings required by this paragraph.

The trial exhibits are obviously a part of the evidence considered by the Ohio courts and could be considered by this Court under *Pinholster* if necessary. However, Petitioner has not yet made the showing required by Habeas Rule 7 for expansion of the filed State Court Record with those records. The Motion to Compel is denied as to trial exhibits without prejudice to its renewal in a manner that satisfies Rule 7.

September 17, 2026 (Constitution Day).

s/ *Michael R. Merz*
United States Magistrate Judge