**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

HAKEEM C. HERBERT,

Petitioner, : Case No. 2:26-cv-477

- vs - District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:

Respondent.

# DECISION AND ORDER

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Hakeem Herbert to obtain relief from his conviction in the Common Pleas Court of Jefferson County, Ohio, on a charge of possession of drugs (Petition, ECF No. 1).

The case is before the Court on Petitioner's Motion for Leave to File Instanter Affidavit in Support for Discovery with an attached Motion for Discovery which has not been independently filed (ECF No. 10). Respondent opposes the Motion (ECF No. 12), and Petitioner has filed a Reply in support (ECF No. 14). Petitioner had also filed a Motion for Stay of the case until after his request for discovery has been decided (ECF No. 21).

Petitioner explains he wishes to obtain documents in discovery, expand the record to include them, then attach them to his traverse. His requested discovery is

> • Records from UPS computer system that allegedly flagged the package as suspicious for the package bearing tracking number 1Z1F360X0280249321 that was searched on August 18, 2021. See Row, Doc No. 4 PAGEID 395-396. Records Detective Ellis said he subpoenaed from UPS See Row, Doc No. 4 PAGEID 441, See petitioner's UPS records request.
>
> • The correct package confiscated receipt. See Tr. Doc No. 4-1 PAGEID 937-941, 976-977.
>
> • Any and all records from UPS office concerning the flagging details, package handling actions, law enforcement confiscation, and if any of the above records do not exist a response in writing identifying which records are unavailable, the reasons they were never created, no longer exist, or are exempt from disclosure and the UPS records retention policy.
>
> • Body camera footage from the following officers; Steubenville police department Officers; Thomas, Ellis, Regis Holzworth, Brian Bissett, Mark Rogers, Mason Gambos and Capt. J.S. Buchmelter. Belmont County Sheriff officers; Detective Grant, and Deputy Miro.
>
> • Any and all fingerprints or DNA evidence found within the case Postal inspector Green admitted that there were fingerprints identified see Tr. Doc No. 4-1 PAGEID 1501, and BCI policy for fingerprints and DNA testing from August 2021- January 2023.
>
> • Grand jury transcripts any and all testimony and evidence presented to the grand jury on both October 6, 2021 and January 5, 2022.
>
> • The full discovery file turned over to petitioner's defense counsel including any and all documents, reports, laboratory test results, any and all video evidence, including video visits, body cam footage, any audio files, jail calls or any and all video and audio evidence within the case, any and all search warrants and probable cause affidavits within the case whether denied or granted, the correct package confiscated by law enforcement document.

Motion, ECF No. 10, PageID 2051-54. Petitioner asserts discovery of these materials is needed to prove his claims of ineffective assistance of trial and appellate counsel, prosecutor misconduct, police misconduct, and the use of false evidence. *Id.* at PageID 2055. As authority for discovery, Petitioner relies on *Bracy v. Gramley*, 520 U.S. 899 (1997), and *Harris v. Nelson*, 394 U.S. 286

(1969).

In *Bracy* the Supreme Court held that before determining whether discovery is warranted, the district court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

In his Petition, Herbert pleads the following grounds for relief:

> **Ground One**: It was reversible error for the trial court to overrule petitioner's motion to suppress evidence in violation of his right to a fair trial and due process under the Fourth and Fourteenth Amendment[s] to the United States Constitution.
>
> **Ground Two**: Herbert's conviction for possession of methamphetamine in an amount greater than 300 grams was against the manifest weight of the evidence/ insufficient evidence in violation of his right to a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV.
>
> **Ground Three**: Appellant's trial counsel was ineffective denying him his Sixth Amendment right to effective counsel and his right to a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV.
>
> **Ground Four**: The trial court erroneously admitted inadmissible evidence and excluded relevant evidence over appellant's objection, resulting in prejudice to the appellant's right to a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV.
>
> **Ground Five**: Appellate counsel was ineffective for failing to raise multiple claims of trial counsels ineffectiveness. Herbert was denied a meaningful and effective appellate review and his right to a fair

> trial, and due process under U.S. Constitution Amendment V, VI, and XIV.
>
> **Ground Six**: Trial counsel was ineffective for failing to challenge prosecutor misconduct when the state used false/and or fabricated evidence and false/and or perjured testimony in order to obtain its conviction. Hakeem Herbert was denied a fair trial, and due process, and his fundamental right to personal security under U.S. Constitution Amendment V, VI, and XIV due to prosecutorial misconduct/ *Napue* violation.
>
> **Ground Seven**: Trial counsel being ineffective for failing to raise a *Brady* violation or challenge at the suppression hearing that this state never produced a search warrant affidavit, to seize petitioner's cell phone. This state also failed to produce Regis Holzworth body camera footage, or the package confiscated by law enforcement receipt for the package addressed to the appellant, denying his Sixth Amendment right to effective counsel and his right to a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV.
>
> **Ground Eight**: Trial counsel being ineffective for failing to investigate and request a *Frank's* hearing due false and stale evidence used in the probable cause affidavit, and for failing to challenge the state's prosecutorial use of false evidence. Hakeem Herbert was denied a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV, this constitutes a structural error and renders his conviction is void.

Petition, State Court Record, ECF No. 1, PageID 7, 12, 15, 18, 20-21, 29, 34, 37).

Grounds for Relief One, Two, and Four raise claims of trial court error. Ground One claims a violation of the Fourth Amendment which can be litigated in habeas only if Herbert did not receive a full and fair opportunity to litigate that issue in the state courts. *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). That issue has not yet been adjudicated in this case.

Ground Two's manifest weight claim is not cognizable in habeas corpus. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

Ground Four asserts error in the trial court's admission or exclusion of evidence. As a

general matter, "state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff,* 518 U.S. 37, 43 (1996)). In any event, no discovery is needed to adjudicate this claim as the proffered evidence, admitted or excluded, is already of record.

The remaining grounds for relief all assert ineffective assistance of trial or appellate counsel. The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

Grounds Three and Five plead ineffective assistance in general and conclusory terms. Grounds Six, Seven, and Eight, however, plead ineffective assistance as to specific actions or inactions of counsel, e.g., failures to object to violations of *Napue v. Illinois*, 360 U.S. 264 (1959), and *Brady v. Maryland*, 373 U.S. 83 (1963).

To prevail on a *Napue* claim, a petitioner must show that the statement in question was false, that the prosecution knew it was false, and that it was material. *Wogenstahl v. Mitchell*, 668

F.3d 307, 323 (6th Cir. 2012), *citing Rosenkrantz v. Lafler*, 568 F.3d 577, 583-84 (6th Cir. 2009); *Brooks v. Tennessee*, 626 F.3d 878, 894-95 (6th Cir. 2010); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing United States v. Lochmondy,* 890 F.2d 817, 822 (6th Cir. 1989); *United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir. 1986). The statement must be indisputably false, rather than simply misleading. *Lochmondy*, 890 F.2d at 823; *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000). Mere inconsistencies in testimony do not establish the knowing use of perjured testimony. *Brooks v. Tennessee*, 626 F.3d 878, 895 (6th Cir. 2010); *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998).

To succeed on a *Brady* claim, a petitioner must show that the evidence was known to the State, useful for the defense (direct use or for impeachment), not known to the defendant, and suppressed.

To prove ineffective assistance of counsel as to either a *Napue* or *Brady* violation, a petitioner must show constitutionally defective performance by counsel in not correcting that prosecutorial misconduct and resulting prejudice.

As his predicate for obtaining discovery from United Parcel Service, Petitioner relies on an unrecorded telephone conversation which he reports as follows:

> 2. I Hakeem Herbert assert that I contacted the UPS headquarters sometime between July 14th through the 18th of 2025, during our phone conversation the UPS representative for the public records department informed me that the package bearing tracking number 1Z1F360X0280249321 was never flagged as being suspicious, was never confiscated by law enforcement, and is showing in the UPS system that the package was successfully delivered. At that point in time I sent a records request asking for all available documentation involving the said package. **(See UPS public records request)**
>
> **3.** I Hakeem Herbert assert that the reason the correct package confiscated receipt was never provided because it doesn't exist according to the phone call I had with UPS headquarters, that the

> package was never confiscated by law enforcement, never flagged as being suspicious, and successfully delivered.
>
> **4.** I Hakeem Herbert assert that when I was on the phone with UPS I was told by the records department that if the package was confiscated by law enforcement it would have been a receipt showing so and that the receipt was never placed in their records because it never was one.

Motion, ECF No. 10, PageID 2077. The content of this phone call is uncorroborated. The person with whom Petitioner spoke is unidentified except for being with the UPS "records department." No foundation is offered for the content of the information he provided or the correctness of the inferences drawn from the facts as he reported them. The Magistrate Judge concludes this is far too slender a basis to support the extensive discovery from a third party, UPS, that Petitioner seeks.

In addition to discovery from UPS, Petitioner seeks body camera footage from eight law enforcement officers for an indeterminate period of time and fingerprint and DNA evidence obtained by law enforcement in his case. Petitioner's claim that this is material to his *Brady* or *Napue* claims underlying his ineffective assistance of counsel claims is purely speculative.

Petitioner also seeks discovery of the evidence presented to the grand jury in his case on October 6, 2021, and January 5, 2022. The Supreme Court has held that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983)(quoting *Douglas Oil Co. v. Petrol Stops Northeast*, 441 U.S. 211, 218-219 (1979). Cited favorably in *Rehberg v. Paulk*, 566 U.S. 356 (2012). Herbert has not shown good cause to overcome that practice of secrecy.

Finally, Herbert seeks the discovery in this case of the discovery package given to his attorney before trial. However, Petitioner has not shown good cause to require the State to produce this package a second time. In our system of representative litigation, each party is deemed bound by the acts of his lawyer agent and is considered to have 'notice of all facts, notice of which can

be charged upon the attorney.'" *Link v. Wabash R. Co., 370 U.S. 626* at 633-634 (1962) (quoting *Smith* v. *Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). Petitioner should be able to obtain the trial court discovery package by requesting it from his attorney/agent.

Petitioner asserts he needs discovery now so that he can move to expand the record and attach the results of discovery to his traverse. While there may be habeas corpus cases in which that would be an appropriate way of proceeding, in this case it would be premature. The Return of Writ raises a number of affirmative defenses to the Petition which should be addressed before deciding whether additional evidence can or should be addressed.

Based on the foregoing analysis, Petitioner's Motion for Discovery (ECF No. 10) is denied. Petitioner's Motion for Stay (ECF No. 21) is denied as moot.

September 30, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge