**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

HAKEEM C. HERBERT,

Petitioner, : Case No. 2:26-cv-477

- vs - District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:

Respondent.

# DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This habeas corpus case, brought *pro se* by Petitioner Hakeem Herbert, is before the Court on Herbert's Motion for Reconsideration (ECF No. 23) of the Magistrate Judge's prior Decision and Order (ECF No. 20) denying Herbert's "Motion To Amend Petition To Correct Clerical Error Or To Stipulate Ground Six Is A Prosecutorial Misconduct Claim Properly Exhausted" (ECF No. 13). Because the case remains at the pre-judgment stage, the Magistrate Judge retains authority to reconsider his prior decisions and has generally followed the practice of doing so when requested.

Herbert asserts:

> Magistrate Merz made an error in record before this court that he [sic]must corrected. In Order, Doc. 20 PAGEID 2255 Magistrate Merz concluded that Herbert claimed Ineffective assistances of trial counsel over failure to challenge the prosecutors conduct citing Appellant's Brief, state court record, ECF No. 4, Ex. 37, PageID

> 655) However at 655 the record is clear the petitioner Raised the claim in which he has requested this court to amend or stipulate to as Ground Six, as it reads on the above cited record; Assignment of Error Number Two: The Trial Court Abused Its Discretion When It Failed To Grant Post-Conviction For Prosecutor Misconduct When The State Used False/ And Or Fabricated Evidence And False/ And Or Pe1jured Testimony In Order To Obtain Its Conviction. Hakeem Herbert Was Denied A Fair Trial, And Due Process, And His Fundamental Right To Personal Security Under U.S. Constitution Amendment V, Vi, And Xiv, And Ohio Const. Art I, § 1, § 10 And 16 Due To Prosecutorial Misconduct.

Motion, ECF No. 23, PageID 2270. Re-reading the Decision and Order under reconsideration makes it clear that the undersigned found Herbert had preserved both a prosecutorial misconduct claim **and** an ineffective assistance of trial counsel claim for failure to raise prosecutorial misconduct in the Second District on appeal from denial of his petition for post-conviction relief and that the Second District had denied both of those claims on the merits (Decision, ECF No. 20, PageID 2255). He took the next step of presenting both of those claims to the Ohio Supreme Court, so at least from the post-conviction perspective, both claims were exhausted.

The text of Ground Six for Relief as pleaded was duplicated in the Decision and reads:

> **Ground Six:** Trial counsel was ineffective for failing to challenge prosecutor misconduct when the state used false/and or fabricated evidence and false/and or perjured testimony in order to obtain its conviction. Hakeem Herbert was denied a fair trial, and due process, and his fundamental right to personal security under U.S. Constitution Amendment v, vi, and xiv. due to prosecutorial misconduct/ Napue violation.

Decision, ECF No. 20, PageID 2256. There is nothing in the text of the Petition or, frankly, in the prior proceedings in this case that would have alerted either Respondent's counsel or the Court that this wording was somehow a clerical error, since it pleads a claim (ineffective assistance of trial counsel) which was exhausted or at least attempted to be exhausted in the post-conviction process. Certainly neither the Court nor Respondent is bound to indulge a presumption that a

habeas petitioner desires to plead every ground he has exhausted or believes he has exhausted. The duty to construe liberally the pleadings of *pro se* litigants also does not require the Court to read a petition as pleading one ground when on its face it pleads a different ground.

Petitioner claims "he has *never* received a time stamp copy of his original petition filed to this court and was not aware of the error." This does not represent some irregularity in the Clerk's practice because it is not the Clerk's practice in any case to return a time-stamped copy to a filer unless that party has provided the Clerk with a copy to time-stamp, a request for that copy to be stamped and returned, and a postage paid envelope in which to return the copy. The Court presumes in such cases that the filer has retained a copy of what he or she has filed. In any event, Petitioner's not having a time-stamped copy is irrelevant: he wrote what he wrote in the Petition and does not question the accuracy of the Court's quotations from the Petition.

Herbert asserts that when one examines the sentence structure of Ground Six, it is clear he is making two claims stacked on top of one another (Motion, ECF No. 23, PageID 2271). Ground Six from the Petition is reproduced here verbatim:

> GROUND SIX: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE PROSECUTOR MISCONDUCT WHEN THE STATE USED FALSE/AND OR FABRICATED EVIDENCE AND FALSE/AND OR PERJURED TESTIMONY IN ORDER TO OBTAIN ITS CONVICTION. HAKEEM HERBERT WAS DENIED A FAIR TRIAL, AND DUE PROCESS, AND HIS FUNDAMENTAL RIGHT TO PERSONAL SECURITY UNDER U.S. CONSTITUTION AMENDMENT V, VI, AND XIV. DUE TO PROSECUTORIAL MISCONDUCT/ NAPUE VIOLATION.

Petition, ECF No. 1, PageID 29. Herbert's argument about sentence structure is unpersuasive. Contrary to Herbert's assertion, there is no period after the ineffective assistance portion of the claim.

Having reconsidered the ruling as requested, the Magistrate Judge declines to amend the

prior Decision.

October 2, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge