**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

HAKEEM C. HERBERT,

Petitioner, : Case No. 2:26-cv-477

- vs - District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:

Respondent.

# DECISION AND ORDER ON MOTION FOR RECONSIDERATION REGARDING DISCOVERY

This habeas corpus case, brought *pro se* by Petitioner Hakeem Herbert, is before the Court on Herbert's Motion for Reconsideration and Objection to the Lack of Discovery (ECF No. 25).

To preserve Petitioner's opportunity for review of his discovery requests by an Article III judge, the undersigned will reconsider his decision denying discovery in this Decision. Petitioner will then have the opportunity to place the matter before Judge Sargus by objecting under Fed.R.Civ.P. 72.

Herbert first objects to the characterization of his purported telephone conversation with a United Parcel Service Supervisor as "unrecorded." In denying Petitioner's Motion for Discovery, the undersigned wrote, "[a]s his predicate for obtaining discovery from United Parcel Service, Petitioner relies on an unrecorded telephone conversation which he reports as follows:" (Decision

and Order, ECF No. 22, PageID 2267). Herbert objects:

> The affidavit does not state whether the phone call was recorded or not. To conclude the phone call was unrecorded is speculative and a pure assumption, and disregards the actualities of incarceration. Therefore petitioner objects because the magistrate has stated that the phone call was made on an unrecorded phone call. This finding is wholly false and there is nothing within the record to support this conclusion. The petitioner is incarnated [sic] and all his phone calls are monitored and recorded and his finding is an unfounded conclusion and defy the petitioner's reality of prison life. The petitioner respectfully request the Magistrate judge to correct the record acknowledging that Herbert is incarcerated, and subject to institutional phone system and to do otherwise is an unfounded accusation against Herbert that he somehow bypassed the institutional phone operating system in conducting his phone call with the UPS records department. This makes the petitioner believe the magistrate is not impartial and that there may be some form of bias, or judicial hostility towards him for simply attempting to overturn his wrongful conviction. Respectfully, that determination is wholly unreasonable.

(Motion, ECF No. 25, PageID 2280-81).

On reconsideration, the undersigned acknowledges that Herbert is incarcerated (See Return of Writ, ECF No. 5, PageID 1987) and that Herbert's Declaration does not say the call was unrecorded (See Declaration, ECF No. 10, PageID 2077). However, the Declaration also does not say the call was recorded and contrary to Herbert's assumption, the Magistrate Judge does not know that all prisoner calls are "monitored and recorded." Similarly the Magistrate Judge acknowledges that Herbert is subject to "an institutional phone system," but what that system is is not a matter of record in this case.

Herbert likewise objects to the undersigned's characterization of the contents of the phone call with UPS as "uncorroborated." (Motion, ECF No. 25, PageID 2281). However, Herbert points

to no corroboration, instead relying on his own Declaration. The Declaration is hearsay – an out-of-court statement offered to prove the truth of its content. See Fed. R. Evid. 801. "Corroboration" is defined as "confirmation or support by additional evidence or authority." Black's Law Dictionary 12th edition. Herbert's Declaration on the content of his UPS call is uncorroborated; Herbert offers no proof beyond his own Declaration of the content of the call.

Herbert also objects to what he calls the Magistrate Judge's misconstruing his Ground Six as an ineffective assistance of counsel claim when, he says, it is a straight claim of prosecutorial misconduct under *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(Motion, ECF No. 25, PageID 2283).

Ground Six quite literally says "Trial counsel was ineffective for failing to challenge prosecutor misconduct when the state used false/and or fabricated evidence and false/and or perjured testimony in order to obtain its conviction." Claims of ineffective assistance of counsel and prosecutorial misconduct rely on different bodies of law. The duty of liberal construction to which Herbert adverts does not extend to substituting a claim under one body of constitutional law for another.

This objection appears to reiterate an objection made in Herbert's prior Motion for Reconsideration directed to his request to amend. This has already been dealt with (ECF No. 22) and does not bear further discussion.

Herbert accuses the undersigned of bias (Motion, ECF No. 25, PageID 2281). The proper method for raising such an accusation is by motion for recusal under 28 U.S.C. § 144 or 28 U,S.C. § 455.

**Conclusion**

Having reconsidered the denial of discovery as requested, the Magistrate Judge adheres to his initial decision denying Petitioner's Motion for Discovery.

October 7, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge