**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

HAKEEM C. HERBERT,

Petitioner, : Case No. 2:26-cv-477

- vs - District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:

Respondent.

## DECISION AND ORDER DENYING MOTION TO DISQUALIFY

This habeas corpus case, BROUGHT *PRO SE* BY Petitioner Hakeem Herbert, is before the Court on Petitioner's Motion to Disqualify the undersigned (ECF No. 29). Petitioner brings his motion pursuant to 28 U.S.C.§ 455.

Motions to disqualify or for recusal of federal judicial officers are directed in the first instance to the officer sought to be removed. *Goward v. United States*, 2014 U.S. App. LEXIS 11694, *6 (6th Cir. 2014), *citing United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2nd Cir. 1988) *reh'g denied*, 869 F.2d 116 (2nd Cir. 1989); *United States v. Brunsman*, 2013 U.S. Dist. LEXIS 92971, *1 (S.D. Ohio 2013); *MacNeil v. Americold Corp*., 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States Magistrate Judges).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is

not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp*., 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted).

The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading)

> will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The *Liteky* Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

510 U.S. at 555. An affidavit filed under § 144 must "allege[ ] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003), citing *Gen. Aviation, Inc. v. Cessna Aircraft, Co.,* 915 F.2d 1038, 1043 (6th Cir.1990). Since the decision in *Liteky, supra,* "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial Disqualification 2d § 25.99, *citing In re Antar,* 71 F.3d 97 (3rd Cir. 1995), *overruled on other grounds Smith v. Berg*, 247 F.3d 532, 534 (3rd Cir. 2001).

The kind of personal bias that warrants recusal "must be predicated ... upon extrajudicial conduct rather than on judicial conduct." *United States v. Rosales*, 2002 WL 16706937 *1 (S.D. Ohio Nov. 4, 2022)(Rice, J.) citing *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003) (quoting *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980)).

> The alleged bias must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). Extrajudicial conduct encompasses only "personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." Id. at 1090 (internal quotation marks omitted). "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. *Wheeler v. Southland Corp*., 875 F.2d 1246, 1251-52 (6th Cir.1989) (citing Demjanjuk v. Petrovsky, 776 F.2d 571, 577 (6th Cir.1985)).

*Youn*, 324 F.3d at 423. A bias sufficient to justify recusal must be a bias arising "out of the judge's appraisal of the complaining party personally," not "a judicial [bias]" stemming from the "judge's view of the law." *Oliver v. Mich. State Bd. of Educ.*, 508 F.2d 178, 180 (6th Cir. 1974). Even "prejudice aris[ing] out of the judge's background and associations" is insufficient. *Id.*

In his Motion Petitioner cites only positions the undersigned has taken in signed, filed decisions in this case. The Magistrate Judge reference in the case was transferred to the undersigned one month ago on September 14, 2026 (Transfer Order, ECF No. 16). At the time of transfer there were several pending motions which impeded making the case ripe for decision; all of them were decided promptly, which apparently has given Petitioner the impression the undersigned is rushing the case. The decisions are fully reasoned and the undersigned has reconsidered them on Petitioner's motion. The undersigned has never received or considered any extrajudicial information related to the Petitioner.

Petitioner's Motion to Disqualify is denied.

October 15, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge