**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

HAKEEM C. HERBERT,

Petitioner, : Case No. 2:26-cv-477

- vs - District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
Belmont Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Hakeem Herbert, is before the Court for a report and recommendations upon consideration of the Petition (ECF No. 1), the State Court Record (ECF No. 4), the Supplemental State Court Record (ECF No. 11), and the Return of Writ (ECF No. 5). Petitioner was reminded several times that the deadline for filing a traverse was October 13, 2026. More than a month has passed since then and no traverse has been filed.

The Return supplies the name of the Respondent. The caption is therefore amended as set forth above.

Petitioner's Objection to Lack of Discovery (ECF No. 25) is pending for decision before District Judge Sargus. Because it is an objection to a Magistrate Judge decision on a non-dispositive motion, that decision remains operative unless stayed which it has not been. S. D. Ohio Civ. R. 72.3.

**Litigation History**

On October 6, 2021, the Jefferson County Grand Jury returned an indictment charging Herbert with one count of possession of drugs in violation of Ohio Revised Code § 2925.11(A) & (C)(1)(e), with major drug offender and forfeiture specifications, one count of attempted possession of drugs in violation of Ohio Revised Code § 2923.02(A), with a major drug offender specification, one count of having weapons while under disability in violation of Ohio Revised Code § 2923.13(A)(3), and one count of tampering with evidence in violation of Ohio Revised Code § 2921.12(A)(1)(Indictment, State Court Record, ECF No. 4, Ex. 1). In January 2022 the grand jury returned an Amended Indictment, *Id.* at Ex. 9. A trial jury returned a verdict finding Herbert guilty on count one as well as on the major drug offender specification, but not guilty on the forfeiture specification attached to count one and not guilty on counts two and three. The trial judge sentenced Herbert to imprisonment for a minimum of eleven to sixteen and one-half years. *Id.* at Ex. 16.

Herbert appealed to the Ohio Court of Appeals for the Seventh District, raising the following assignments of error:

> 1. It was reversible error for the trial court to overrule appellant's motion to suppress evidence.
>
> 2. Appellant's conviction for possession of methamphetamine in an amount greater than 300 grams was against the manifest weight of the evidence.
>
> 3. Appellant's trial counsel was ineffective.

> 4. The trial court erroneously admitted inadmissible evidence and excluded relevant evidence over appellant's objection, resulting in prejudice to the appellant.

Appellant's Brief, State Court Record, ECF No. 4, Ex. 18, PageID 158. The appeals court affirmed *State v. Herbert,* 231 N.E.3d 615, 2023-Ohio-4490 (Ohio App. 7th Dist. Dec. 11, 2023). Herbert was granted leave to file a delayed appeal by the Ohio Supreme Court and did so, pleading the following propositions of law:

> 1. It Was Reversible Error for The Trial Court to Overrule Appellant Motion To Suppress Evidence in Violation of the Right to Be Protected Against Unreasonable Searches and Seizures Guaranteed by The Fourth And Fourteenth Amendments of the United States Constitution and by Article 1, Section 1, 14, and 16 of The Ohio Constitution.
>
> 2. Appellant's Conviction for Possession of Methamphetamine in an Amount Greater Than 300 Grams Was Against the Manifest Weight of the Evidence.
>
> 3. Appellant's Trial Counsel Was Ineffective denying Him His Sixth Amendment Right to Effective Counsel and His Right to A Fair Trial, And Due Process Under U.S. Constitution Amendment V, Vi, And Xiv, And Ohio Const. Art 1, §1, §10 And 16.
>
> 4. The Trial Court Erroneously Admitted Inadmissible Evidence and Excluded Relevant Evidence Over Appellants Objection, Resulting in Prejudice to Appellant.

Memorandum in Support of Jurisdiction, State Court Record, ECF No. 4, Ex. 24. However, the Supreme Court declined to exercise jurisdiction over the appeal. *Id.* at Ex. 25.

On March 6, 2024, Petitioner filed an application to reopen his appeal under Ohio R. App. P. 26(B), claiming ineffective assistance of appellate counsel in failing to raise the following assignments of error:

> 1. Hakeem Herbert was denied a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV, and Ohio Const. Art. 1, §1, §10 And 16 due to Prosecutorial Misconduct.
>
> 2. Appellate counsel was ineffective for failing to comply App.R. 12 in presenting all the facts and relevant challenges raised at the Suppression hearing and for failing to challenge the trial court finding of fact at the suppression hearing that were not supported by evidence, facts and relevant testimony at the suppression hearing that violated my Fourth Amendment right and fundamental right to personal security.
>
> 3. Appellate counsel was ineffective for failing to [raise] Trial counsel's ineffectiveness for failing to make a Brady violation or Challenge at the suppression hearing that there was no search warrant ever produced to seize Hakeem Herbert's cell phone. Hakeem Herbert was denied his Sixth amendment right to effective counsel and his right to a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV, and Ohio Const. Art. 1, §1, §10 And 16.
>
> 4. The appellant was denied his right to present a complete defense, fair trial, due process rights and equal protection of law process under U.S. Constitution Amendment V, VI, and XIV, and Ohio Const. Art. 1, §1, §10 And 16, when the Trial Court improperly invaded the jury's fact-finding function.
>
> 5. Appellate counsel was ineffective for failing to raise a Structural error and challenge the trial courts abuse of discretion when it overruled retained counsel's motion to withdraw in violation of his sixth amendment right to effective counsel and his right to a fair trial, and due process under U.S. Constitution amendment V, VI, and XIV, and Ohio Const. Art. 1, §1, §10 and 16.

Application, State Court Record, ECF No. 4, Ex. 26, PageID 297. The Seventh District overruled the Application and the Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *Id.* at Exs. 27 and 30.

On March 22, 2024, Herbert filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 pleading the following claims:

> 1. Hakeem Herbert was denied a fair trial and due process, and his fundamental right to personal security under U.S. Constitution Amendment V, VI, and XIV, and Ohio const. Art. 1, §1, §10 and 16 due to Prosecutorial Misconduct.
>
> 2. Trial counsel's [sic] was ineffective for failing to raise a Brady Violation or Challenge at the suppression hearing that the State never produced a search warrant to seize Hakeem Petitioner's cell phone. Denying his Sixth amendment right to effective counsel and his right to a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV, and Ohio const. Art. 1, §1, §10 And 16.
>
> 3. Trial counsel was ineffective for failing to investigate and request a Franks hearing due false and stale evidence used in the probable cause affidavit and for failing to challenge the States Prosecutorial use of False evidence. Hakeem Herbert was denied a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV, and Ohio const. Art. 1, §1, §10 and 16. This constitutes a structural error and renders his conviction is Void.

Petition, State Court Record ECF No. 4, Ex. 31, PageID 512. The trial court denied the Petition and Herbert appealed to the Seventh District which affirmed. *State v. Herbert*, 2024-Ohio-6207 (Ohio App. 7th Dist. Dec. 16, 2024). The Ohio Supreme Court again declined to exercise jurisdiction over an appeal. *State v. Herbert,* 178 Ohio St. 1433 (2025). Herbert's efforts to obtain transcripts of the grand jury proceedings have been unsuccessful.

Herbert then filed his Petition in this Court[1], pleading the following grounds for relief:

> **Ground One**: It was reversible error for the trial court to overrule petitioner's motion to suppress evidence in violation of his right to a fair trial and due process under the fourth and fourteenth amendment to the united states constitution.
>
> **Ground Two**: Herbert's conviction for possession of methamphetamine in an amount greater than 300 grams was against the manifest weight of the evidence/ insufficient evidence in

[1] The Petition was placed in the prison mail system April 7, 2026, and thereby filed. Respondent concedes the filing was timely. (Return, ECF No. 5, PageID 1976).

violation of his right to a fair trial, and due process under the u.s. constitution amendment 5th, 6th and 14th.

**Ground Three**: Appellant's trial counsel was ineffective denying him his sixth amendment right to effective counsel and his right to a fair trial, and due process under u.s. constitution amendment 5th, 6th and 14th.

**Ground Four**: The trial court erroneously admitted inadmissible evidence and excluded relevant evidence over appellant's objection, resulting in prejudice to the appellant's right to a fair trial, and due process under u.s. constitution amendment 5th, 6th and 14th.

**Ground Five**: Appellate counsel was ineffective for failing to raise multiple claims of trial counsel's ineffectiveness. Herbert was denied a meaningful and effective appellate review and his right to a fair trial, and due process under u.s. constitution amendment v, vi, and xiv.

**Ground Six**: Trial counsel was ineffective for failing to challenge prosecutor misconduct when the state used false/and or fabricated evidence and false/and or perjured testimony in order to obtain its conviction. Hakeem Herbert was denied a fair trial, and due process, and his fundamental right to personal security under u.s. constitution amendment v, vi, and xiv. due to prosecutorial misconduct/ napue violation.

**Ground Seven**: Trial counsel being ineffective for failing to raise a Brady violation or challenge at the suppression hearing that this state never produced a search warrant affidavit, to seize petitioner's cell phone. The state also failed to produce Regis Holzworth body camera footage, or the package confiscated by law enforcement receipt for the package addressed to the appellant. denying his sixth amendment right to effective counsel and his right to a fair trial, and due process under u.s. constitution amendment v, vi, and xiv.

**Ground Eight**: Trial counsel being ineffective for failing to investigate and request a Frank's hearing due false and stale evidence used in the probable cause affidavit, and for failing to challenge the state's prosecutorial use of false evidence. Hakeem Herbert was denied a fair trial, and due process under u.s. constitution amendment v, vi, and xiv, this constitutes a structural error and renders his conviction is void.

Petition, ECF No. 1.

# Analysis

**Ground One: Failure to Suppress Unlawfully Seized Evidence**

In his First Ground for Relief, Herbert asserts the Ohio courts violated his right not to be convicted on unlawfully seized evidence.

In *Mapp v. Ohio*, 367 U.S. 643 (1961), the Supreme Court held the exclusionary rule for unlawfully seized evidence would apply to the States through incorporation into the Fourteenth. But in *Stone v. Powell*, 428 U.S. 465 (1976), the Court held that the deterrent value of that rule did not warrant extending it to habeas corpus. Under *Stone*, Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing

> a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Herbert has failed to show that he did not have a full and fair opportunity to litigate his Fourth Amendment claim in the Ohio courts. Therefore *Stone* bars merits consideration of that claim in this case. Ground One should be dismissed for failure to state a claim on which habeas corpus relief can be granted in light of the opportunity Herbert had to litigate his Fourth Amendment claims in the state courts.

**Ground Two: Conviction Against the Manifest Weight of the Evidence**

In his Second Ground for Relief, Harbert claims his conviction was against the manifest weight of the evidence.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

A claim that a conviction is against the manifest weight of the evidence is not a claim under

the United States Constitution and is therefore not cognizable in federal habeas corpus. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). And although Herbert uses the phrase "insufficient evidence" in the Petition, he never pleaded an insufficient evidence claim on direct appeal and any such claim is therefore procedurally defaulted. Ground Two should therefore be dismissed because the manifest weight claim is not cognizable and the insufficient evidence claim is procedurally defaulted.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Herbert claims he received ineffective assistance of trial counsel, but does not specify any particular way in which that happened.

The pleading of Ground Three and several later claims does not satisfy the standard for pleading set in Rule 2(c) of the Rules Governing § 2254 Cases. That Rule requires a habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also Flood v. Phillips*, 90 F. App'x 108, 113 (6th Cir. 2004). This Rule 2(c) pleading standard "is more demanding" than that under Rule 8 of the Federal Rules of Civil Procedure that governs the pleading standard in civil proceedings other than those involving habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

In the context of civil cases generally, the Supreme Court has required a much more specific form of pleading claims. It is no longer sufficient merely to state the name of the cause of action (e.g., ineffective assistance of appellate counsel, ineffective assistance of trial counsel under the Sixth Amendment). *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face,'" *Doe v. Miami University*, 882 F.3d 579 (6th Cir. 2018), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), in turn quoting *Twombly*, 550 U.S. at 570. *Twombly* and *Iqbal* apply to review of *pro se* complaints for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(2)(B)(II). *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010). There is no good reason to fail to apply them in habeas as well because the Rule 2 pleading standard is "more demanding."

Dismissal is appropriate where "it is impossible to determine from the Petitioner's pleadings the exact errors of fact or law raised for adjudication." *Reynolds v. Warden, Lebanon Corr. Inst.*, No. 2:19-cv-3495, 2019 WL 4862060, at *2 (S.D. Ohio Sept. 9, 2019)(Deavers, M.J.) (citations omitted), *report and recommendation adopted*, No. 2:19-cv-3495, 2019 WL 4861377 (S.D. Ohio Oct. 2, 2019)(Morrison, J.).

As a *pro se* litigant, Herbert is entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But that does not extend to creating claims a petitioner has not made. As a matter of due process, the State is entitled to fair notice of what it is that a habeas petitioner is challenging.

As it relates particularly to claims of ineffective assistance of trial counsel in representing a client in a criminal case, an attorney does hundreds of things and omits to do hundreds of other things. When an attorney is accused of providing ineffective assistance, the State is entitled to know which of the attorney's acts or omissions are being complained of. Because Herbert has not done that in the Petition, Ground Three should be dismissed for failure to state a claim upon which relief can be granted.

**Ground Four: Trial Court Admission and Exclusion of Evidence**

In his Fourth Ground for Relief, Petitioner asserts the trial court committed error in admitting certain evidence and excluding other evidence. As with Ground Three, he has not told Respondent or the Court what particular admission or exclusions he is complaining of. As part of the State Court Record, Petitioner has been supplied with a trial transcript and directed to provide the Court with record references for claimed errors (Order, ECF No. 2, PageID 49). He has not complied with this portion of the Order.

Assuming Herbert is complaining of the same admissions or exclusions of evidence of which he complained on direct appeal, the Seventh District understood each of those claims to be made under Ohio evidentiary law and decided them on that basis. As noted above, a federal habeas court cannot review state court evidentiary rulings. Admission or exclusion of evidence rarely rises to the level of a due process violation. Where an evidentiary error is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007); *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003), *citing Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2000). Courts have, however, defined the category of infractions that violate fundamental fairness very narrowly. *Bugh, quoting Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)(*quoting Dowling v. United States*, 493 U.S. 342, 352 (1990)). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000)(*quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)); *Desai v. Booker*, 732 F.3d 628, 630 (6th Cir. 2013). The Supreme Court has defined very narrowly the category of infractions that

violate fundamental fairness. *Bey v. Bagley*, 500 F.3d 514 (6th Cir. 2007), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990)(Identification from a trial which resulted in an acquittal could be introduced at second trial for similarities).

To the extent Herbert is complaining of admission or exclusion of evidence which was not raised on direct appeal, any such claim is barred by Herbert's failure to fairly present it to the Ohio courts first. That failure falls easily within the procedural default doctrine enunciated in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground).

Herbert's Fourth Ground for Relief should therefore be dismissed.

**Ground Five: Ineffective Assistance of Appellate Counsel**

In his Fifth Ground for Relief, Herbert claims he received ineffective assistance of appellate counsel when his appellate attorney "fail[ed] to raise multiple claims of trial counsels['] ineffectiveness."

As with Grounds Three and Four, Herbert has failed to be specific about which claims of ineffective assistance of trial counsel should have been raised. This violates Rule 2 of the Rules Governing § 2254 Cases on the authority cited above.

Because Ground Five as pleaded fails to comply with Rule 2, it should be dismissed for failure to state a claim upon which relief can be granted.

**Ground Six: Ineffective Assistance of Trial Counsel for Failure to Raise Prosecutorial Misconduct Violating *Napue v. Illinois.***

In his Sixth Ground for Relief, Herbert asserts he was denied due process of law when the prosecution used false testimony to convict him in violation of the holding in *Napue v. Illinois*, 360 U.S. 264, 269 (1959).

The "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with the rudimentary demands of justice." *Workman v. Bell,* 178 F.3d 759, 766 (6th Cir. 1998), *quoting Giglio v. United States*, 405 U.S. 150, 153 (1972). This rule applies to both the solicitation of false testimony and the knowing acquiescence in false testimony. *Workman v. Bell*, 178 F.3d 759, 766 (6th Cir. 1998), *citing Napue.* However, to prevail on such a claim, a petitioner must show that the statement in question was false, that the prosecution knew it was false, and that it was material. *Wogenstahl v. Mitchell*, 668 F.3d 307, 323 (6th Cir. 2012), *citing Rosenkrantz v. Lafler*, 568 F.3d 577, 583-84 (6th Cir. 2009); *Brooks v. Tennessee*, 626 F.3d 878, 894-95 (6th Cir. 2010); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing United States v. Lochmondy,* 890 F.2d 817, 822 (6th Cir. 1989); *United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir. 1986). The statement must be indisputably false, rather than simply misleading. *Lochmondy*, 890 F.2d at 823; *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000). Mere inconsistencies in testimony do not establish the knowing use of perjured testimony. *Brooks v. Tennessee,* 626 F.3d 878, 895 (6th Cir. 2010); *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998).

To succeed on a *Napue* claim, a petitioner must show that (1) there was a statement that was actually false; (2) the statement was material; and (3) the prosecution knew it was false. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). False testimony is material under *Napue* if it "could in

any reasonable likelihood have affected the judgment of the jury." *McNeill v. Bagley*, 10 F.4th 588, 604 (6th Cir. 2021) (internal quotation marks omitted).

As with prior Grounds for Relief, Herbert fails to plead any specifics of this claim. What testimony does he assert was false, what proof does he have that it is false, was that known at the time of trial by his trial attorney? By the prosecutor? Why is it material? Why was this claim not raised on direct appeal?

Ground Six should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

Respondent argues this claim is also procedurally defaulted because it could have been but was not raised on direct appeal. Thus under Ohio law it was procedurally defaulted under the *res judicata* doctrine. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell,* 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell,* 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins,* 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). The Seventh District applied the *res judicata* bar to this claim and Herbert has shown no excusing cause and prejudice. Thus Ground Six should also be dismissed as procedurally defaulted.

**Ground Seven: Ineffective Assistance of Trial Counsel**

In his Seventh Ground for Relief, Herbert claims he received ineffective assistance of trial

counsel in several specific ways: (1) failure to raise a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), that the State never produced a search warrant affidavit in support of the seizure of Herbert's cell phone; (2) failure to raise a claim under the same authority for the body cam footage of Regis Holzworth; and (3) failure to raise a claim under *Brady* for a package confiscated by law enforcement . . . receipt for the package addressed to the appellant.

The State has a duty to produce exculpatory evidence in a criminal case. If the State withholds evidence and it is material, the conviction must be reversed. *Brady v. Maryland*, 373 U.S. 83 (1963). To achieve this goal, "*Brady* held 'that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (quoting *Brady*, 373 U.S. at 87). To state a *Brady* claim, a defendant must allege that: (1) the government suppressed evidence; (2) the evidence is favorable to the defendant because it is either exculpatory or impeaching; and (3) the evidence is material, i.e., the suppression of the evidence prejudiced the defendant. See *Strickler v. Greene*, 527 U.S. 263, 280-82 (1999). Prejudice occurs where "'there is a reasonable probability' that the result of the trial would have been different if the suppressed [evidence] had been disclosed to the defense." *Id*. at 289.

While this claim contains a good deal more specificity than the claims discussed above, it lacks necessary proof. That is because Herbert has failed to show that any of the evidence allegedly not produced would have been favorable to him, For example, it is highly unlikely that the search warrant affidavit in question would have been favorable to Herbert and, in any event, it would have been filed as a public record and available to Herbert without having been produced in

discovery.

Because he has not proven a claim under *Brady* as to any one of the three items allegedly not produced, Ground Seven should be dismissed on the merits.

Respondent also asserts Ground Seven is procedurally defaulted on the same basis as Ground Six. As noted above, Petitioner has shown no excusing cause and prejudice for this default.

**Ground Eight: Ineffective Assistance of Trial Counsel**

In Ground Eight, Herbert claims he received ineffective assistance of trial counsel in two specific ways: (1) Failing to request a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and (2) failing to claim a violation of *Napue*.

Under *Franks*, a party may challenge the veracity of a search warrant affidavit only upon a substantial preliminary showing that a false statement was included knowingly and intentionally or with reckless disregard for its truth and that the allegedly false statement was necessary for a finding of probable cause. It cannot be ineffective assistance of trial counsel to fail to request a *Franks* hearing unless the facts to make that "substantial preliminary showing" are available to trial counsel, but Herbert makes no showing that they were.

The *Napue* claim is dealt with above. Its repetition in Ground Eight does not require separate discussion.

Respondent also asserts Ground Eight is procedurally defaulted on the same basis as Ground Six. As noted above, Petitioner has shown no excusing cause and prejudice for this default.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice on procedural grounds and it is not necessary or appropriate to reach the merits of Petitioner's claims. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 23, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.